UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff,                              Case No. 06-13428

v.                                              Judge Avern Cohn

WASHINGTON GROUP
INTERNATIONAL, INC.,

      Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

### I. Introduction

This is an insurance coverage dispute under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.  Plaintiff State Farm Mutual Automobile Insurance Co. (State Farm) seeks a declaration that defendant Washington Group International, Inc.'s (Washington Group) employee medical benefits plan (the Plan) is primary to State Farm's policy for payment of benefits to and on behalf of the mutually insured Kevin Bryant.  State Farm also seeks reimbursement for the mounts that it has paid on Bryant's behalf.

Before the Court is Washington Groups' motion to dismiss.  Washington Group says that State Farm has no standing to bring suit under ERISA, or alternatively has failed to exhaust the Plan's administrative remedies.  Washington Group also says that it has been wrongly named as a party in the case.

1

For the following reasons, State Farm has standing, and does not need to exhaust the Plan's administrative remedies. However, State Farm must reformulate the complaint naming the Plan as the defendant; Washington Group is DISMISSED.

## II. Background

Bryant was seriously injured in an automobile accident occurring in Michigan on August 4, 2004, and required extensive medical care. Bryant was a minor at the time, and was covered under a no-fault insurance policy issued by State Farm. Bryant was also covered by Washington Group's Plan through his father. State Farm says the Plan initially paid Bryant's medical expenses.[1] However, sometime in March, 2005 the Plan contested its obligation to pay the benefits on a primary basis and sought reimbursement from State Farm for the benefits that it had paid on Bryant's behalf. State Farm says that it has been paying Bryant's medical expenses since then.

The parties stipulate that Aetna is the Plan's third party administrator. State Farm says that in trying to resolve the issue, it contacted "Jaime" at Aetna who indicated that the Coordination of Benefits Provisions needed to be resolved before any further payments would be made.

Washington Group says that the Plan has stopped payments because it is requesting additional information from Bryant which apparently has not been provided. Also, Washington Group suggests that Bryant's claims have been denied because the claims are not covered by the Plan's terms, or only partially covered.

State Farm says that its policy is coordinated and that it provides only excess

---

[1] Washington Group says the Plan has paid $337,256.28 towards Bryant's medical bills.

2

coverage for expenses reasonably related to injuries sustained in the subject motor vehicle accident.  State Farm says that the Plan fails to expressly "disavow" primary coverage and in fact states in plain and unambiguous language that it provided primary coverage under these circumstances.  Therefore, pursuant to Auto Owners Insurance Co. v. Thorn Apple Valley, 31 F. 3d 371 (6th Cir. 1994), which holds that self-funded coverage provided by an employer sponsored plan is primary to a coordinated no-fault policy unless the plan expressly "disavows" primary coverage, the Plan is primary.

### III.  Analysis

**A.  Standard for Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)**

A Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted.  "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).  "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"  Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 319 (6th Cir. 1999). (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

Washington Group advances several reasons why its motion should be granted.  Each reason will be discussed in turn.

## B. Whether State Farm has Standing to Sue

### 1. Argument

Washington Group says that State Farm has no standing to sue because it does not qualify as a plaintiff under ERISA's civil enforcement provision, section 502. 29 U.S.C. § 1132. Noting that State Farm did not specify under which provision of ERISA it is suing, Washington Group says that the only possible provisions that State Farm could have standing under are sections 502(a)(1), 502(a)(2) or 502(a)(3).[2]

Washington Group says that State Farm does not qualify under section 502(a)(1) because it is not a Plan "participant" or "beneficiary". Washington Group points out that while the Court of Appeals for the Sixth Circuit recognizes that health care providers may assert an ERISA claim as a beneficiary under section 502(a)(1)(B) with a valid

---

[2] These provisions state:

(a) Persons empowered to bring a civil action

A civil action may be brought--

(1) by a participant or beneficiary--

> (A) for the relief provided for in subsection (c) of this section, or
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

assignment of benefits, State Farm has not asserted that it has received an assignment or that it treated Bryant as a health care provider. See Cromwell v, Equicor-Quitable HCA Corp, 944 F. 2d 1272, 1277 (6th Cir.1991) (health care provider who obtains a valid assignment of ERISA claim from Plan beneficiary has standing to assert a claim for benefits because it is "standing in the shoes" of the beneficiary."); Simon v. Belwith Int'l., 3 Fed. Appx 363, 364 (6th Cir. 2001) (finding that healthcare provider who obtained assignment from Plan beneficiary but did not actually render services at issue did not have standing under section 502(a)(1)(B) ).

Next, Washington Group says that State Farm doesn't qualify as a "participant" or "beneficiary" under Section 502(a)(2) –which relates to claims brought *on behalf of* the plan. Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 140 (1985) (emphasis added).

Finally, Washington Group says that although State Farm could arguably proceed under section 502(a)(3) because it is essentially asserting that the Plan's explicit provisions are not being followed, this argument would fail because State Farm is not a statutorily enumerated party capable of bringing such a claim. See COB Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc., 362 F.3d 877 (6th Cir. 2004) (Plaintiff, the authorized agent for several employers, did not have standing under section 502(a)(3) to seeking resolution of coordination of benefits issues between the employer's self-funded ERISA governed health plans and non-ERISA health insurance policies offered by the insurers because only parties specifically enumerated may bring suit.)

Moreover, Washington Group says State Farm's request for "declaratory

judgement" for the payment of money is not cognizable under section 502(a)(3). In Mertens v. Hewitt Assoc., 508 U.S. 248, 256 (1993), the Supreme Court held that the "appropriate equitable relief" available under section 502(a)(3) did not include either compensatory or punitive money damages. See also, Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209 (2002).

### b. State Farm's Response

State Farm says that jurisdiction over priority of benefits cases lies in the federal common law. In Thorn Apple Valley, *supra* p.2, an automobile accident victim was covered by both a no-fault automobile insurer and an ERISA-governed employee benefits plan. The no-fault insurer paid the insured's medical expenses, then sought reimbursement from the ERISA plan. The ERISA plan denied coverage based upon the Coordination of Benefits Clause, and the no- fault insurer filed suit against the Plan for declaration of the parties coverage of priorities and recoupment of benefits if the Plan ultimately was determined to be primary. The no-fault insurance had been issued pursuant to M.C.L. § 500.3109(a).

Noting that the state law had been preempted by ERISA, the Court of Appeals for the Sixth Circuit held that the Plaintiff's right to proceed against the Plan arises out of the federal common law:

> Cases from this circuit have premised jurisdiction on federal common law when the ERISA preemption provision has effectively deprives a plaintiff of a state law claim. See, e.g. Kentucky Laborers Dist. Council Health and Welfare Fund v. Hope, 861 F.2d 1003, 1005 (6th Cir. 1988); Whitworth Bros. Storage Co. v. Central States, Southeast & Southwest Areas Pension Fund, 794 F.2d 221 (6th Cir. 1986).

Id. at 374.

****

> On occasion, Congress explicitly directs the federal courts to develop a body of common law to fill in the interstices of a statutory scheme in order to ensure national uniformity of application. ERISA presents just such a situation, where federal common law is expected to develop and address obligations under the act. Pilot Life ins. Co v. Dedeaux, 481 U.S. 41, 56 (1987); In re White Farm Equipment Co., 788 F.2d, 1186, (6th Cir. 1986).

Id. at 374-375.

State Farm points out that the Court of appeals also specifically rejected the argument that the insurer's reimbursement action against the ERISA plan was based on section 502(a)(1)(B)(covering benefits claims for participants and beneficiaries). Id. at 374.

Washington Group responds to this arguments by stating that Thorn Apple Valley is likely no longer good law. Washington Group says that the holding in Thorn Apple Valley has been significantly undermined by the following:

- Kentucky Laborers, a case upon which the Thorn Apple Valley court relies, did not concern standing because the plaintiff was a plan, which may sue or be sued under ERISA 29 U.S.C. § 1132(d).

- In Whitworth Bros., another case upon which the Thorn Apple Valley court relies on, the court found an implied right of action under ERISA § 403, 29 U.S.C. § 1103(c)(2)(A), for the employer to obtain contributions improperly paid to a pension fund. That ERISA provision was subsequently amended to permit such recovery by employer.

- The court in Thorn Apple Valley did not engage in any analysis in reaching its conclusion that Plaintiff could pursue its claim. Its finding that there was federal jurisdiction under ERISA federal common law did not and does not establish standing. See Tea Gardener v. Republic Inc. Pension Plan, 909 F.3d 947, 951 (6th Cir. 1990)(court held that although it has federal jurisdiction over section 502(a)(1)(B) claim, it found that the plaintiffs, former employees, did not have standing to sue because they were no longer "participants" or "beneficiaries" in their employer's ERISA governed heath benefits Plan at the time the residual assets vested in the participants in the Plan.)

- The court conclusion in Thorn Apple Valley that it could recognize a federal

7

common law claim because there was an apparent "gap" in ERISA's civil remedy scheme has been throughly rejected by the Supreme Court.  Washington Group points out that in Gerosa v. Savasta & Co. Inc., 32 F.3d 317, 322 (2nd Cir. 2003) the Court of Appeals for the Second Circuit states, that:

Twice in its most recent term, the [Supreme Court] has repeated its belief that ERISA's express remedies, as the product of long and careful study and compromise should remain exclusive.  See Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 375-76 (2002); Great West Life & Annuity Co. v. Knudson, 534 U.S. 204, 209 (2002).

• Finally, cases after Thorn Apple, the Sixth Circuit has directly considered the standing issue under ERISA, and the Sixth Circuit has categorically rejected ERISA claims by entities or person not expressly recognized as having the right to sue under ERISA, See COB Clearinghouse Corp., *supra* at p. 5; Simon v. Belwith Int'l., 3 Fed. Appx 363, *supra* at p. 4-5.

### 2. Resolution

Washington Group's arguments are unavailing.  Thorn Apple Valley remains good law.  Just last year, the Court of Appeals for the Sixth Circuit relied on Thorn Apple Valley to find jurisdiction in a priority dispute between an ERISA plan and a no-fault policy.  See Citizens Insurance Co. of America v. MidMichigan Health Connect Care Network Plan, 449 F.3d 688, 690-691 (6th Cir. 2006).  In March of this year, this district relied on Thorn Apple Valley to find jurisdiction under the same circumstances.  See Citizens Insurance Co. of America v. Pitey Bowes Software Systems Employee Medical & Health Care Service Corp. 2007 WL 713144 (E.D.Mich)(J.Rosen).

In a priority dispute between an ERISA plan and a no-fault policy, standing is implied.  In Thorn Apple Valley, the court found that no-fault insurer was not standing in the shoes of the Plan participant or beneficiary.  The Court agrees.  A priority of coverage dispute materially differs from a claim for benefits that could be pursued by Bryant or his father, or their assignee care providers.  State Farm has standing because

8

asserts that it has paid some of Bryant's medical bills, for which it is not liable for under the coordination of benefits clause. State Farm also asserts that the Plan has sought reimbursement from it for payments. State Farm says that these payments were made and are being sought in contradiction of the coordinate clauses.

The Court also finds that Washington's Groups arguments regarding various cases is misguided. With respect to Kent Laborers, Whitworth Bros., and Tea Garden, none of these cases undermine the holding in Thorn Apple Valley. First, these cases preceded Thorn Apple Valley. Thus, Washington Group's assertion that Thorn Apple Valley " has been significantly undermined" by these cases is disingenuous and misleading. Second, Washington Group's reliance on the factual distinctions between this case, and Kent Laborers and Whitworth Bros. misses the larger principle that the court in Thorn Apple Valley drew from those cases – that is, that ERISA preempted state law addressing the situations presented in those cases; Congress intended for ERISA to be comprehensive in determining the relationship among ERISA entities; therefore, where ERISA does not explicitly govern the relationship between ERISA entities, courts can imply that they are either implicitly governed by ERISA provisions, or that the courts have jurisdiction under the general federal common law.

Next, the Supreme Court's recent holdings in Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355 (2002) (concerning whether an Illinois statute impermissibly created a new cause of action under state law that enlarged claims beyond the benefits available under section 502) and Great West Life & Annuity Co. v. Knudson, 534 U.S. 204 (concerning whether "equitable remedies" under section 502(a)(3) includes monetary payments) do not preclude State Farm's claim. While the Supreme Court

does discuss restricting the remedies offered by ERISA in civil cases to those specifically enumerated in section 502, these decisions do not appear to effect those areas previously established through the federal common law.

Finally, the holdings in COB Clearinghouse Corp., Simon, and Tea Gardener, are not controlling here because in these cases the plaintiffs sued under section 502.  Congress specifically enumeration the qualifications required to sue under section 502, and the plaintiffs in each of these cases did not fit the qualifications.  Here, State Farm's standing is recognized under the established federal common law.

**C.  Whether State Farm has Failed to Exhaust the Plan's Administrative Remedies**

### 1.  Argument

Washington Group says that a plaintiff seeking plan benefits must exhaust his administrative remedies under the plan.  Weiner v. Klaus & Co., Inc., 108 F.3d 86, 91; Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991).  Thus, this case is premature because neither State Farm nor Bryant have exhausted the Plant's mandatory administrative procedures.

### 2. Resolution

State Farm need not exhaust the Plan's administrative remedies.  Washington Group's argument is based on the presumption that State Farm is suing pursuant to Section 502.  As discussed above, State Farm is suing under the federal common law. As noted by the district court in Auto-Owners Ins. Co. v. Thorn Apple Valley Inc., 818 F. Supp 1078, 1083 (W.D. Mich. 1993), a no-fault insurance company does not stand in the shoes of the plan beneficiary or participant, and is not subject to the administrative

10

remedies requirement.

### D.  Whether Washington Group is Improperly Named as a Party

#### 1.  Argument

Washington Group says that it is the Plan sponsor, and that the Plan itself must be named in the complaint.  The proper party with regard to ERISA claims for benefits is the plan.  <u>Smith v. Providence Bank,</u> 170 F.3d 609, 617 (6th Cir. 1999) ("ERISA gives plans the ability to sue or be sued in their own right" <u>See</u> section 502(d)(1).  29 U.S.C. § 1132(d)(1). ).  Moreover, an employer should not be named in an action concerning benefits unless the employer is shown to control the administration of the plan.  <u>See Daniel v. Eaton Corp</u>, 839 F.2d 263, 266 (6th Cir. 1988).  Washington Group says that nothing in State Farm's complaint suggests that Washington Group is anything other than the Plan sponsor, therefore it is not a proper party and should be dismissed. Washington Group says that Aetna is the third-party administrator who makes decisions regarding the payment or claims under the Plan.

State Farm did not respond to this argument.

#### 2.  Resolution

It appears that the wrong party was named.  Although the cases Washington Group State relies on were brought under section 502, their rational applies to this case. State Farm has not suggested that Washington Group is the administrator of the Plan –in fact, the parties agree that Aetna is the third-party administrator.  Moreover, in its complaint State Farm alleges that the Plan has stopped making payments and is now seeking reimbursement.

## IV. Conclusion

For the reasons stated above, State Farm's claim may proceed. However, Washington Group is dismissed, as State Farm must name the Plan as the defendant.

SO ORDERED.

        s/Avern Cohn  
        AVERN COHN  
        UNITED STATES DISTRICT JUDGE

Dated:  April 19, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, April 19, 2007, by electronic and/or ordinary mail.

        s/Vee Sims for Julie Owens  
        Case Manager, (313) 234-5160